Arbuckle v. Arbuckle.

ARBUCKLE *v.* ARBUCKLE *et al.*

(*Jackson.*   April Term, 1914.)

1. **GUARDIAN AND WARD.  Ward's real estate.  Sale.  Purchase by witness.  Statutes.**

Shannon's Code, sec. 5078, provides that on an application for sale of a ward's real estate the pleading shall set forth fully the age and condition of the ward, what other property, if any, he owns, and the reason why a sale was sought.  Section 5088 declares that no guardian, next friend, or witness in such cause shall purchase at such sale, or afterwards until five years from removal of existing disabilities, and, if he does so, the sale shall be void.  *Held,* that only such witnesses are deprived of the right to purchase as resort to their testimony as an artifice to bring about a sale of the infant's property in order that they may purchase, and hence a purchaser within the prohibition must testify to facts which would reflect in some material degree on the jurisdictional facts included in section 5078, and this testimony must have influenced the court's judgment in the decision of those questions.  (*Post, p.* 487.)

Code cited and construed:  Secs. 5072, 5078, 5088 (S.).

Cases cited and distinguished:  Starkey v. Hammer, 60 Tenn., 445; Hunt v. Glen, 79 Tenn., 16.

2. **GUARDIAN AND WARD.  Ward's realty.  Purchase by witness.**

A witness having purchased certain undivided interests in land agreed with the guardian of a minor owning a one-sixth interest to purchase the same for $500.  In proceedings to confirm the sale, the witness was subpoenaed by the guardian and testified that he was familiar with the property, that he owned five-sixths thereof, that he and the minor's guardian, who was an intelligent woman, had contracted for a sale of the minor's interest to a witness for $500, and, though he had paid $1,000 for an undivided one-third interest in the property and $650

Arbuckle·v. Arbuckle.

for an undivided one-sixth interest, he thought the price he proposed to pay was fair. *Held,* that such testimony did not bar the witness from purchasing or authorize an avoidance of the sale under Shannon's Code, sec. 5088, declaring that no witness shall purchase at a guardian's sale, or at any time within five years after the removal of the existing disabilities, etc. (*Post, p.* 490.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— XXXXX.Judge. F. H. HEISKELL, Chancellor.

METCALF, MINOR & METCALF, for guardian.

W. H. FITZHUGH, for ward.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon a petition for writs of *certiorari* to a decree of the court of civil appeals, which reversed the decree of the chancellor confirming an agreed sale between the guardian and the defendant Frazer of an undivided one-sixth interest of a tract of land in which Frazer and Edith Arbuckle, a minor, were tenants in common.

It appears that Mrs. Arbuckle is now guardian in California of her daughter Edith, who was nine years

old at the time of the filing of the original bill, and that they had removed their residence from Shelby county, Tenn., to Los Angeles, Cal., about one year prior to the filing of the bill. The bill seeks to confirm an agreed sale entered into between Mrs. Arbuckle, as guardian of her daughter, and the defendant Frazer, by which Frazer agreed to pay to the guardian $500 net for the ward's undivided one-sixth interest in the land. The proof is overwhelming that the sale was an advantageous one, because the price offered was the full value of the land, and the guardian was receiving a very small income from the investment in the land, and, she and her daughter having removed to California to reside permanently, it was inconvenient to her to look after the land in Tennessee. This is not questioned.

The sole error assigned in the court of civil appeals, and which that court sustained, was that the sale to Frazer was void because he testified in the case as a witness for the guardian in violation of section 5088 of Shannon's Code. Proceedings of the nature of this bill are regulated by chapter 3 of Shannon's Code, sec. 5072, *et seq.* Section 5078 requires that the pleadings should set forth "fully and particularly the age, circumstances, and condition of the party under disability; what other property, if any, such person owns, or is in any way entitled to, and the cause or reason why a sale of the particular property is sought."

Section 5088 provides:

"No guardian, next friend or witness, in such cause, shall purchase at such sale, or at any time afterwards, until five years from the removal of the existing disabilities; and if any such person shall make such purchase, the original sale shall become void, and the infant or married woman may bring ejectment for the land, as if no sale had been made."

In *Starkey* v. *Hammer,* 1 Baxt., 445, it was said:

"The object of the statute was to prevent purchases by witnesses who had given evidence tending to show the necessity of the sale, and for this purpose they are forbidden to buy, and their purchase declared void, and we can but enforce the provisions of the statute."

The case cited also held that the remedy of the infant or a married woman was not limited to ejectment as provided in the statute. The remedy enforced in that case, while not technical ejectment, was in effect so, as it was a bill to remove cloud. In *Hunt* v. *Glenn,* 11 Lea, 16, it was said that the purpose of the foregoing section of the Code "is to protect persons under disability from the artifices of persons who may desire to own their property and may resort to unfair means, even upon the witness stand, to bring it to a sale that they may purchase." In that case it was held that a witness who testified only that he agreed with the trustee to purchase, and was willing with the approval of the court to purchase at an agreed price, was not within the prohibited class described by section 5088, Shannon's Code. Certainly such a witness would not

fall within the declaration of the purpose of that section of the Code made by the court in *Hunt* v. *Glenn.*

We hold that the statement of the purpose of the legislature in enacting the prohibition contained in section 5088 is correctly stated in *Hunt* v. *Glenn.* The statement of the legislative purpose made in *Starkey* v. *Hammer* was evidently not intended to be full or complete, and isolated from the remainder of the opinion; the statement quoted is too broad, and is certainly not in harmony with the later case of *Hunt* v. *Glenn.* *Hunt* v. *Glenn* expressly held that it was not every witness who gave testimony in such a case that was prohibited from buying. It is only witnesses who resort to their testimony in the case as an artifice to bring about a sale of the infant's property in order that they may purchase who are forbidden to buy. It is not meant that the artifice itself must appear from the testimony of the witness, or necessarily from extrinsic facts; but it would be sufficient if the witness who afterwards became the purchaser should testify to material facts which it could be seen would reasonably influence the judgment of the court in ordering or confirming a sale.

The jurisdictional facts and those which must control the discretion of the court are set out in section 5078, supra, and relate to the age of the minor, his circumstances in life, and his condition, what other property he owns or is entitled to, and the cause or reason why sale of the particular property is sought. A witness who becomes a purchaser, in order to fall

within the prohibition of section 5088, must testify to facts which would reflect in some material degree upon the jurisdictional facts included in section 5078, and his testimony must have influenced the judgment of the court in the decision of those questions.

The witness Frazer testified in substance that he was familiar with this property, and was the owner of five-sixths, and the minor was the owner of the other one-sixth; that he and the guardian, who is the minor's mother and an intelligent, competent woman, had made a contract by which he agreed to pay $500 net for the minor's interest in the land, and that he had deposited with the court $25 as earnest money; that he had bought land in the neighborhood of this land both before and since the filing of the bill; that for some of his other purchases he had paid more, and for others he had paid less, than he was agreeing to pay for this land; that he had paid $1,000 for an undivided one-third interest in this particular property, and he had paid $650 for an undivided one-sixth interest; that he thought the price he proposed to pay for this one-sixth was fair, and the rental received by the guardian is small. He exhibited with his deposition the correspondence he had had with the guardian, and which resulted in the agreement of sale sought to be confirmed.

The court of civil appeals held that the purchase by this witness was void because he testified as above set out.

We think this was error. It should be stated that this witness was called by the guardian, and most all of the facts detailed by him were brought out by counsel representing the guardian. His testimony relates to facts which he could not in good faith have withheld from the court, whether he had been called by the guardian or not. One significant fact testified to by him is that only a few months previous to his making the contract with the guardian he purchased a one-sixth undivided interest of the identical tract for $150 more than he proposed to pay for this interest. This evidence would tend to show that it was not to the manifest interest of the minor that the agreed sale be confirmed, and we think it affirmatively negatives any artifice upon the part of the witness to bring the minor's property to sale in order that he might purchase it. We think the testimony of Mr. Frazer clearly shows that he acted in the very best faith, that he made a full and complete disclosure of all facts within his possession, and that he was in possession of material facts which the court should have known.

To allow the guardian and ward to avoid this sale upon the ground sustained by the court of civil appeals after the lapse of nearly eight years would be to allow them to use the law and the machinery of the courts as instrumentalities for the perpetration of fraud. As we have said, Mrs. Arbuckle and the defendant Frazer entered into an agreement for the sale and purchase of this interest in the land involved, and Mrs. Arbuckle, as guardian of her daughter, filed the

original bill to have this agreement confirmed by the chancellor. She then subpoenaed Frazer as a witness, and he testified to the facts heretofore detailed by her procurement. He did not volunteer and could not have declined to testify, had he so desired. We are now asked to take away from him the land which he acquired by the decree of the chancellor, notwithstanding that the complainants have his money, and are themselves beyond the jurisdiction of the courts of this State; and the reason for inflicting this injury upon him, which we are asked to approve, is that he testified in the case as a witness called by the guardian. If such a result could be worked out through the courts, it would enable guardians and others occupying similar relationships to perpetrate frauds of the most vicious character.

The statute was not intended to apply to such cases. The decree of the court of civil appeals is reversed, and that of the chancellor is affirmed.